UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REGINA HAMMONS,

                Plaintiff,

      v.                                          Civil No. 07-550-HA

                                          OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

HAGGERTY, Chief Judge:

Plaintiff Regina Hammons seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) disability benefits. This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is reversed and remanded for further proceedings.

**<u>STANDARDS</u>**

1- OPINION AND ORDER

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits.  20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).  The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling.  20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th

2- OPINION AND ORDER

Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or

equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner

determines the claimant's residual functional capacity (RFC), which is the most an individual can

do in a work setting despite the total limiting effects of all their impairments. 20 C.F.R. §§

404.1545(a)(1), 416.945(a)(1) and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment

prevents the claimant from engaging in work that the claimant has performed in the past. If the

claimant is able to perform his or her former work, a finding of "not disabled" is made and

disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the

Commissioner proceeds to the fifth and final step and determines if the claimant can perform

other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of

proof for steps one through four. Accordingly, the claimant bears the initial burden of

establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a

significant number of jobs in the national economy that the claimant can perform given his or her

RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for

purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner

meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision.  *Reddick*, 157 F.3d at 720.

## **FACTS**

The relevant facts, which are drawn from the extensive administrative record and the ALJ's decision, are summarized here. Plaintiff was fifty years old at the alleged disability onset

4- OPINION AND ORDER

date and fifty-three years old at the time of the ALJ's decision.  Plaintiff has a college education

and has past work experience as a caregiver and janitor.

She protectively applied for benefits on February 28, 2003, alleging disability beginning

October 1, 2002, from mental and physical impairments including depression, arthritis,

cardiovascular impairment, and chronic obstructive pulmonary disease (COPD).  Plaintiff's

application was denied initially and on reconsideration.  The ALJ conducted a hearing on

December 21, 2004, at which she heard testimony from four witnesses: plaintiff, who was

represented; lay witness Charles Emory; medical expert David Rullman, M.D.; and a vocational

expert (VE).

On April 29, 2005, the ALJ issued a decision finding plaintiff not disabled as defined in

the Social Security Act.  The Appeals Council declined plaintiff's request for administrative

review, making the ALJ's decision the final decision of the Commissioner for purposes of

judicial review.  Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged

disability onset date.  Tr. 34, Finding 1.[1]

At step two, the ALJ found that plaintiff had the following severe impairments:

depression and COPD.  Tr. 34, Finding 2.

At step three, the ALJ found that plaintiff's impairments, singly or in combination, did

not meet or equal the requirements of any listed impairment.  Tr. 34, Finding 2.

---

[1] Tr. refers to the Transcript of the Administrative Record.

5- OPINION AND ORDER

The ALJ determined that plaintiff had the RFC to perform a limited range of light work. Tr. 34, Finding 4. Plaintiff is restricted to lifting twenty pounds occasionally and ten pound frequently. Tr. 32. Additionally, the ALJ determined that she should avoid excessive exposure to dust, fumes, gasses, and temperature extremes due to her COPD. Tr. 32. The ALJ determined that plaintiff has no limitations in sitting or standing, no postural limitations, and no other limitations. Tr. 32.

At step four, the ALJ found that plaintiff did not have the requisite RFC to perform her past relevant work. Tr. 34, Finding 5.

At step five, the ALJ found that plaintiff is able to perform a significant number of entry level jobs in the national economy. Tr. 34, Finding 8.

**DISCUSSION**

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of alleged errors including: (1) failing to include all of the plaintiff's limitations in the hypothetical question posed to the VE; (2) relying on VE testimony regarding plaintiff's employability that deviated from applicable standards; and (3) improperly evaluating the plaintiff's impairments.

**1.      VE Testimony**

Plaintiff argues that the ALJ's RFC finding and the hypothetical question posed to the VE were incomplete. Additionally, plaintiff argues that there are discrepancies between the findings regarding plaintiff's RFC and the occupations identified by the VE.

After questioning, the VE testified that an individual with plaintiff's background and RFC could perform work as a housecleaner, food/beverage checker, and small products assembler.

6- OPINION AND ORDER

Tr. 607-08.  "In order for the testimony of a VE to be considered reliable, the hypothetical must include all of the claimant's functional limitations, both physical and mental supported by the record."  *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (internal quotations omitted). This court finds that the hypothetical questions posited to the VE were of such an ambiguous nature that the testimony of the VE was not based upon all of the plaintiff's functional limitations. Therefore, the resulting VE testimony was unreliable.

The record is replete with documentation that due to her pulmonary impairment, plaintiff has trouble walking, and according to her own testimony, must rest after walking half a block. Tr. 587.  Additionally, plaintiff has difficulty breathing while negotiating stairs, generally utilizes oxygen with ambulation, and according to her functional capacity assessment, should avoid even moderate exposure to fumes, dust, gases, and odors.  Tr. 582, 552, 226.

In the hypothetical question posited to the VE, the ALJ stated that plaintiff could walk two blocks and should  avoid "excessive exposure" to fumes, dust, and gases.  Tr. 604-5.  It is unclear how much exposure is "excessive" but by its dictionary definition, excessive exposure is greater than moderate exposure.

Based on the record, the ALJ likely meant to limit plaintiff to walking two blocks per eight hour day given the plaintiffs functional limitations.  However the ALJ's question was vague.[2]  The VE apparently construed the question to mean that plaintiff could walk two blocks at a time, given that the VE testified that plaintiff could perform a job as a housecleaner.  Tr. 323.

---

[2] The questioning of the VE did not proceed smoothly and the record indicates that the ALJ and the VE had difficulty communicating with one another.

The ALJ "may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir. 1995). The VE identified "housecleaner" as a job which plaintiff could perform but the job requirements of a housecleaner as described in the DOT exceed ALJ's findings regarding plaintiffs functional limitations.

The job of housecleaner is listed in the Dictionary of Occupational Titles (DOT) as occupation number 323.687-014. Tr. 607. The description of "housecleaner" in the DOT describes the job as requiring the cleaning of "rooms and halls in commercial establishments, such as hotels," as well as moving furniture and a host of other duties. DOT 323.687.014. A person would likely be required to walk considerably more than two blocks during an eight-hour day cleaning a hotel, and would likely be exposed to moderate amounts of fumes and dust while he or she were cleaning.

Because the question posited to the VE did not make clear that plaintiff could only walk about two blocks per eight-hour day, and that plaintiff should avoid even moderate exposure to dust and fumes, the VE testimony was unreliable and cannot constitute substantial evidence upholding the ALJ's finding at step five. *Thomas v. Barnhart*, 278 F.3d at 956.

Additionally, the VE testified that plaintiff was capable of performing three unskilled jobs with Specific Vocational Preparation (SVP) levels of two. Tr. 607-08. These jobs were identified as housecleaner, food/beverage checker, and small products assembler. *Id.* However, the food/beverage checker job in fact requires a SVP level of three. DOT 211.482-018. As discussed above, this court finds that plaintiff is also incapable of performing the housecleaner job. The VE's testimony deviated from both the DOT and from the ALJ's findings regarding

8- OPINION AND ORDER

plaintiff's RFC.  Such deviations would only be acceptable had the ALJ provided persuasive evidence in support of them.  Accordingly, the ALJ was not justified in relying on the VE's testimony in making her finding at step five.

**2.      Plaintiff's Impairments**

Plaintiff argues that the Commissioner improperly evaluated plaintiff's medical impairments.  In particular, plaintiff alleges she has a severe cardiac impairment which the ALJ did not recognize and that plaintiff's impairments in combination equal a listing.

Plaintiff did not establish with medical evidence that she has ischemic heart disease or any other severe cardiac impairment.  The ALJ acknowledged that plaintiff had an exercise treadmill tolerance stress test which was cut short due to shortness of breath, and that she had a slightly abnormal electrocardiogram.  Tr. 23.  Following the abnormal treadmill test, plaintiff was referred to a cardiologist.  The cardiologist's report was omitted from the record for review by the ALJ prior to the administrative hearing.

Subsequent to the hearing, plaintiff supplied the ALJ with this report, which did not establish that plaintiff has ischemic heart disease.  Tr. 23.   Plaintiff did not provide ALJ with any other substantial evidence establishing the existence of a severe cardiac impairment. Therefore, the ALJ was justified in finding that plaintiff does not suffer from a severe heart impairment.  However, because this case is being remanded for further proceedings, plaintiff will have the opportunity to present more evidence of her alleged cardiac impairment.

Plaintiff argues that given the severity of her pulmonary impairment, the Commissioner should have found that her COPD in combination with her other impairments equals a listing. At the time of the hearing, the plaintiff had presented sufficient medical evidence that Dr.

Rullman opined her impairments "could in combination possibly allow her to meet the listings." Tr. 569. The ALJ did not effectively pursue this issue in her questioning of Dr. Rullman and it is unclear whether plaintiff may equal a listing, or how close she is to equaling a listing.

Subsequent to the ALJ's denial of benefits, plaintiff submitted additional evidence, including a pulmonary function report, to the Appeals Council. Tr. 554-58. A decision of the Appeals Council to deny review is not subject to judicial review. 20 C.F.R. §§ 404.981, 416.1481; *see also Russell v. Bowen,* 856 F.2d at 83-84. However, when the Appeals Council considers materials not seen by the ALJ and concludes they provide no basis for review of the ALJ's decision, a reviewing court may consider the additional materials to determine whether there is substantial evidence supporting the Commissioner's decision. 20 C.F.R. § 404.976; *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993). The Appeals Council considered the submissions of plaintiff, but declined to reverse the ALJ's decision. Tr. 6-7. Therefore, this court may properly review these post-hearing materials to determine whether they undermine the evidentiary basis of the Commissioner's final decision.

The pulmonary function report indicates that plaintiff has a diffusing capacity for carbon monoxide (DLCO) of 10.7. Tr. 556. In order to meet Listing 3.02C, a claimant must have a DLCO of 10.5 or less. 20 C.F.R. § 404, Subpart P, Appendix 1. Although, plaintiff does not meet this listing, this new evidence establishes that her pulmonary impairment has grown worse since the date of the hearing. Given Dr. Rullman's testimony that plaintiff may have equaled a listing prior to the submission of this new evidence, this court finds that the ALJ's decision is no longer upheld by substantial evidence.

10- OPINION AND ORDER

When the court is presented with new evidence that was not presented to the ALJ, the court evaluates that evidence to determine whether it warrants an immediate award of benefits or a remand for further proceedings, or whether the evidence fails to establish the existence of a disability. A court may issue what is referred to as a "sentence four" remand in instances in which the Commissioner has erred in its prior consideration of the claimant's application for benefits. *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Under a "sentence six" remand, by contrast, the court may remand without making a determination as to the "correctness of the Secretary's decision." *Id*. (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991)).

Whether to remand under sentence four is a matter of judicial discretion. *Harman*, 211 F.3d at 1177. A remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman*, 211 F.3d at 1179. Additional proceedings will often be necessary, however, in situations where the ALJ had no opportunity to review and consider evidence presented to the Appeals Council for the first time. *Id.* In *Harmon*, the court stated:

> While we properly may consider the additional evidence presented to the Appeals Council . . . it is another matter to hold on the basis of evidence that the ALJ has had no opportunity to evaluate that Appellant is entitled to benefits as a matter of law. The appropriate remedy in this situation is to remand this case to the ALJ; the ALJ may then consider, the Commissioner then may seek to rebut, and the VE then may answer questions with respect to the additional evidence.

211 F.3d at 1180; *see also Barbato v. Comm'r of Soc. Sec. Admin.*, 923 F. Supp. 1273, 1278 (C.D. Cal. 1996) (reversing and remanding for further proceedings partly because the "ALJ did not have an opportunity to evaluate the post-decisional report").

11- OPINION AND ORDER

In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made.  Pursuant to this remand, the ALJ shall give proper, full consideration to the evidence presented by the new pulmonary function report.  Additionally the ALJ shall reconsider plaintiff's RFC and consult with the VE concerning any additional restrictions plaintiff may have including limitations on her ability to walk and withstand exposure to dust and fumes.  The court is confident that this analysis will be conducted in accordance with the guidelines and legal authorities applicable to the consideration of such evidence.

**CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C.

§ 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR

FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this  23   day of September, 2008.


      /s/ Ancer L. Haggerty

Ancer L. Haggerty

United States District Court